**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-483 (3) |
| | § | C.A. No. C-06-540 |
| OCTAVIO ESTRADA, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE**
**AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Octavio Estrada's ("Estrada") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 90),[1] which was received by the Clerk on December 5, 2006.  The Court ordered the government to respond (D.E. 91), and the government filed an answer and motion to dismiss on March 29, 2007.  (D.E. 94, 95.)  Estrada had until May 1, 2007 to file a reply (D.E. 91); to date, no reply has been received from Estrada.  For the reasons set forth herein, the Court DISMISSES Estrada's § 2255 motion.  Additionally, the Court DENIES Estrada a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-05-483.

## II.  FACTS AND PROCEEDINGS

### A.    Summary of the Offense[2]

Estrada conspired with Hector Eliud Gonzalez, Maribel Cruz, and other unnamed parties to transport cocaine and marijuana to North Carolina. The offense involved the utilization of commercial transportation and couriers to accompany luggage containing marijuana and cocaine. Gonzalez was an organizer/leader of the conspiracy.  He recruited Estrada, and Estrada assisted Gonzalez in the packaging and transportation of the narcotics.

One of the drug loads being transported as a part of this conspiracy resulted in a drug seizure on July 21, 2005.  On that date, a bus entered the U.S. Border Patrol checkpoint located 13 miles south of Falfurrias, Texas.  A canine alerted to a blue and black gym bag located within the luggage compartment of the bus, which had a name tag identifying the owner as Maribel Cruz.   Cruz was located among the passengers.  She opened the bag and agents located six bundles of cocaine hidden among clothing.  Cruz initially claimed no knowledge of the cocaine, but later admitted that she knew she was transporting narcotics, but believed it was marijuana.  Laboratory analysis revealed that the cocaine had a net weight of 5.779 kilograms, with a purity of 82%.

After conducting an investigation, DEA agents established surveillance at an apartment on West Beech Street in McAllen, Texas on the same day, July 21, 2005.  Officers observed two individuals, later identified as Gonzalez and Estrada, arrive in separate vehicles at the residence. Estrada was driving a Ford F-150 truck and Gonzalez was driving a Chevrolet Tahoe.  The individuals opened the garage door with an automated garage door opener and then opened the back door with keys to the residence.  As the two individuals began to leave the residence, agents

---

[2]  Information in this section is from Estrada's Presentence Investigation Report ("PSR") at ¶¶ 4-9.

approached Gonzalez, who had in his possession keys to the residence and a remote garage door opener. Estrada admitted to officers that there were illegal drugs in the residence. Gonzalez agreed to a search of the residence.

Upon entering the garage of the residence, officers located a large duffle bag in the front seat of the Ford F-150 truck (previously operated by Estrada) containing approximately 38.6 kilograms of cocaine, later determined to have a net weight of 34.23 kilograms with 83% purity. Officers also located a Berretta .40 caliber pistol in the center console of the Tahoe, previously driven by Gonzalez. A further search of the residence revealed 25 bundles of marijuana weighing approximately 156 kilograms in a bedroom closet; $3,980 in U.S. currency located in an upper kitchen cabinet; and a Browning 9 mm pistol located under a pillow on top of an inflatable mattress in the living room. According to DEA agents, a net weight for the seized marijuana could not be established.

In a post-arrest statement, Estrada stated that Gonzalez had called him to help Gonzalez transport something which Estrada believed meant narcotics. Estrada stated that he and Gonzalez transferred seven to eight kilograms of cocaine from one duffel bag to another. Estrada stated that he was to follow Gonzalez to an unknown location is Weslaco, Texas, and would be paid by Gonzalez after the job was completed. Gonzalez stated that he and Estrada had removed the cocaine from the apartment to transport it to an H.E.B. grocery store on 10th Street in McAllen, to be picked up by unknown persons.

## B.    Criminal Proceedings

On August 18, 2002, Estrada, Gonzalez and Cruz were charged in a three count indictment. Estrada was named in counts Two and Three. Specifically, Count Two charged him with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), and 846.  (D.E. 14.)  In Count Three, Estrada was charged with conspiracy to possess with intent to distribute more than one hundred (100) kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

On December 19, 2005, Estrada pleaded guilty to Count Two of the indictment, pursuant to a written plea agreement.  (D.E. 56; see also Minute Entry dated 12/19/2005.)  In exchange for his guilty plea to Count Two and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility, to recommend a sentence at the lowest end of the guideline range, and to move for the dismissal of Count Three at sentencing. (D.E. 56 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Estrada's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States as set forth in Title 18, United States Code, Section 3742(b).  Additionally, the defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 56 at ¶ 7 (emphasis in original).)

The Court sentenced Estrada on April 27, 2006.  Prior to sentencing, Estrada's counsel filed written objections to the PSR, objecting to a two-level increase in the offense level pursuant to U.S.S.G. ¶ 2D1.1(b)(1), because a firearm was possessed during the commission of the offense.  (D.E. 71, 72.)  The government filed a written response.  (D.E. 73.)  At sentencing, Estrada's

counsel again raised an objection to the firearm, but the Court overruled it.  (Sentencing Transcript ("S. Tr.") at 3-4.)  The Court sentenced Estrada to 188 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 80; S. Tr. at 8-9.)  Judgment of conviction and sentence was entered May 8, 2006. (D.E. 80.) Consistent with his waiver of appellate rights, Estrada did not appeal.  The instant § 2255 motion was received by the Clerk on December 5, 2006.  (D.E. 90.)  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Estrada asserts only a single ground for relief.  Specifically, he claims that there was a lack of any factual basis for the firearm enhancement.  In his supporting memorandum, he claims that the enhancement was improper and erroneous because the government had promised in the plea agreement that no additional charges were to be pursued against him, and the firearm enhancement is an additional charge that was not contained in the indictment.  He claims that the enhancement is thus unconstitutional and violated his Fifth and Sixth Amendment rights.

In its response, the government argues that Estrada's motion is barred in its entirety because of his waiver of § 2255 rights in his written plea agreement.  (D.E. 94 at 6.)  The government does not address the merits of Estrada's claim.

For the reasons set forth herein, the Court declines to hold that Estrada's motion is barred by his waiver.  Instead, the Court addresses his claim on the merits and determines that Estrada's claim does not entitle him to relief.

## IV.  DISCUSSION

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.      Estrada's Waiver of § 2255 Rights**

As noted, the government claims that Estrada validly waived his right to file any § 2255 motion.  It is true that his written plea agreement contained a waiver of § 2255 rights, which was in the same paragraph as his waiver of appellate rights.  (D.E. 56 at ¶ 7.)  While the transcript of the rearraignment certainly supports the conclusion that Estrada's plea and his waiver were knowing and voluntary, he was not specifically questioned by the Court about his § 2255 wavier, but only about his waiver of appellate rights.  (See, e.g., D.E. 92, Rearraignment Transcript ("R. Tr.") at 16-17)  Cf. Fed. R. Crim. P. 11(b)(1)(N) (requiring the Court to "inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.").

In light of the fact that there was a lack of technical compliance with Rule 11(e)(1)(N) in this

6

case as to Estrada's waiver of § 2255 rights, the Court will address his claim on its merits, rather than dismissing it on the basis of the waiver.[3]

## C.     Estrada's Challenge to the Firearm Enhancement

Estrada's sole claim is a challenge to the firearm enhancement and is essentially a claim that the Court erred in its application of the sentencing guidelines.  To the extent that he is questioning the Court's application of the guidelines, his claim is not cognizable here.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (claims that the sentencing guidelines were misapplied are not cognizable in § 2255 motion).  Moreover, even if it were properly before the Court, Estrada's claim fails on its merits.

The enhancement under U.S.S.G. § 2D1.1(b)(1)  "reflects the increased danger of violence when drug traffickers possess weapons.  The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, app. note 3.  Moreover, a co-conspirator "may ordinarily be assessed a U.S.S.G. § 2D1.1(b)(1) increase in view of another co-conspirator's possession of a firearm during the drug conspiracy so long as the use of the weapon was reasonably foreseeable."  United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993) (citation omitted).

One of the firearms used to support the enhancement against Estrada was located in the living room of the "stash house" underneath a pillow and was easily accessible to Estrada, who was present in the house and responsible for loading duffle bags from the house into a vehicle.  Also, the firearm found in the console of the vehicle driven by co-defendant Gonzalez was easily accessible to Gonzalez and it was foreseeable to Estrada that both it and the other firearm could be used in

_____

[3]  The Court makes no ruling herein on the enforceability of Estrada's § 2255 waiver.

connection with the offense.  See Mergerson, 4 F.3d at 350 (enhancement under § 2D.1(b)(1) was

proper where a gun was found at a co-defendant's apartment on the same day when defendant had

been in the apartment shortly before delivering drugs); United States v. Garza, 118 F.3d 278, 285-86

(5th Cir. 1997) (affirming district court's application of § 2D1.1(b)(1) and noting that it is "readily

foreseeable that firearms would be employed as tools of the drug trafficking trade").  Accordingly,

this Court's application of the U.S.S.G. § 2D1.1(b)(1) enhancement was proper.

Moreover, as to Estrada's claim that the enhancement violates the plea agreement because

it constitutes an "additional charge" against him, there is no merit to his contention.  The two-level

increase to his advisory guideline range was ***not*** an additional criminal charge, but a proper

sentencing enhancement pursuant to the federal sentencing guidelines.  Cf. U.S.S.G. § 2D1.1(b)(1);

see also United States v. Hernandez, 457 F.3d 416 (5th Cir. 2006) (showing required for an

enhancement pursuant to § 2D1.1(b)(1) is lower than that required for a conviction under 18 U.S.C.

§ 924(c)).

Because Estrada's claim does not entitle him to relief, Estrada's § 2255 motion (D.E.90) is

DENIED.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A).  Although Estrada has not yet filed a notice of appeal, this Court nonetheless

addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898

(5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies

a petitioner relief is in the best position to determine whether the petitioner has made a substantial

showing of a denial of a constitutional right on the issues before that court. Further briefing and

argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Estrada's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Estrada is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the above-stated reasons, Estrada's motion under 28 U.S.C. § 2255 (D.E. 90) is

DISMISSED.  The Court also DENIES Estrada a Certificate of Appealability.

It is so ORDERED.

Signed this 20th day of July, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

10